WILLIAM RIGSBY,

    Plaintiff,

v.

HEALTHCARE REVENUE
RECOVERY GROUP, LLC,

    Defendant.

_____/

## **DEFENDANT, HEALTHCARE REVENUE RECOVERY GROUP, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW, Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC ("HRRG"), and files its Answer and Affirmative Defenses to the Complaint in the above-entitled matter, denies each and every allegation in the Complaint [DE 1], unless otherwise admitted or qualified in this Answer, and states and alleges as follows:

1

## PRELIMINARY STATEMENT

Admitted for purposes of personal jurisdiction, venue, and claims identification only; otherwise denied. Defendant HRRG denies liability to the Plaintiff for any claims alleged under the FDCPA and/or GFBPA.

## PARTIES

1. Admitted for purposes of personal jurisdiction and venue only; otherwise denied.

2. Admitted for purposes of personal jurisdiction and venue only; otherwise denied.

## JURISDICTION AND VENUE

3. Denied to the extent that Plaintiff's Complaint fails to allege a cause of action under a federal statute, particularly, the FDCPA and therefore lacks federal question and subject matter jurisdiction. Otherwise, denied.

4. Admitted for purposes of personal jurisdiction and venue only; otherwise denied.

5. Admitted for purposes of personal jurisdiction and venue only as to the Northern District of Georgia; otherwise denied.

6. Admitted for venue only; otherwise denied.

## FACTUAL ALLEGATIONS

7. Defendant HRRG lacks sufficient knowledge to either admit or deny the allegations contained in this paragraph at this time.

8. Admitted to the extent that Defendant was retained by the original creditor to request payment from the Plaintiff for an alleged past due medical due obligation. Otherwise, denied.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted to the extent that Defendant was retained by the original creditor to request payment from the Plaintiff for an alleged past due medical due obligation. Otherwise, denied.

14. Admitted to the extent that Defendant was retained by the original creditor to request payment from the Plaintiff for an alleged past due medical due obligation. Otherwise, denied.

15. Unknown at this time; therefore denied.

16. Unknown at this time; therefore denied.

17. The content of any alleged communication complies with the requirements of the limited content message as authorized and provided by Regulation F. Otherwise, denied.

18. Unknown at this time; therefore denied.

19. Defendant HRRG lacks sufficient knowledge to either admit or deny the allegations as to the extent of Plaintiff's knowledge or lack thereof, and therefore cannot specifically respond to the allegations contained in this paragraph at this time.

20. Admitted to the extent that Section 1692e(11) of the Fair Debt Collection Practices Act ("FDCPA") is self-evident and provides a disclosure required during a debt collection communication. Defendant asserts that the message left on the voicemail is not a communication as defined by Regulation F as the content of the message is deemed a "limited content message" except from the definition of a debt collection communication. Therefore, Defendant HRRG denies liability thereof. Otherwise, denied.

21. Admitted to the extent that Section 1692e(11) of the Fair Debt Collection Practices Act ("FDCPA") is self-evident and provides a disclosure required during a debt collection communication. Defendant asserts that the

4

message left on the voicemail is not a communication as defined by Regulation F as the content of the message is deemed a "limited content message" except from the definition of a debt collection communication. Therefore, Defendant HRRG denies liability thereof. Otherwise, denied.

22. Admitted to the extent that Section 1692e(11) of the Fair Debt Collection Practices Act ("FDCPA") is self-evident and provides a disclosure required during a debt collection communication. Defendant asserts that the message left on the voicemail is not a communication as defined by Regulation F as the content of the message is deemed a "limited content message" except from the definition of a debt collection communication. Therefore, Defendant HRRG denies liability thereof. Otherwise, denied.

## INJURIES-IN-FACT

23. Denied. Defendant demands strict proof thereof.

## DAMAGES

24. Denied as to each part and sub-part. Defendant demands strict proof thereof.

## Count I: FDCPA

HRRG incorporates by reference all of its answers to the above paragraphs of the Complaint as though fully stated herein.

25. Admitted to the extent that provisions of Section 1692e are self-evident. Defendant denies liability towards the Plaintiff under this statute. Otherwise, denied.

26. Admitted to the extent that provisions of Section 1692e are self-evident. Defendant denies liability towards the Plaintiff under this statute. Otherwise, denied.

27. Admitted to the extent that provisions of Section 1692e are self-evident. Defendant denies liability towards the Plaintiff under this statute. Otherwise, denied.

28. Admitted to the extent that provisions of Section 1692e are self-evident. Defendant denies liability towards the Plaintiff under this statute. Otherwise, denied.

29. Admitted to the extent that provisions of Section 1692e are self-evident. Defendant denies liability towards the Plaintiff under this statute. Otherwise, denied.

30. Denied; Defendant demands strict proof thereof.

## Count II: GFBPA

31. HRRG incorporates by reference all of its answers to the above paragraphs of the Complaint as though fully stated herein.

32. Admitted to the extent that O.C.G.A. 10-1-390 is self-evident. Defendant denies liability towards the Plaintiff under this statute. Otherwise, denied.

33. Admitted to the extent that O.C.G.A. 10-1-391 is self-evident. Defendant denies liability towards the Plaintiff under this statute. Otherwise, denied.

34. Admitted to the extent that O.C.G.A. 10-1-391 is self-evident. Defendant denies liability towards the Plaintiff under this statute. Otherwise, denied.

35. Admitted to the extent that O.C.G.A. 10-1-393(a) is self-evident. Defendant denies liability towards the Plaintiff under this statute. Otherwise, denied.

36. Denied; Defendant demands strict proof thereof.

37. Denied; Defendant demands strict proof thereof.

38. Denied; Defendant demands strict proof thereof.

39. Denied; Defendant demands strict proof thereof.

40. Denied; Defendant demands strict proof thereof.

41. Denied; Defendant demands strict proof thereof.

42. Denied; Defendant demands strict proof thereof.

43. Denied; Defendant demands strict proof thereof.

## **JURY DEMAND**

44. Defendant hereby demands a jury trial.

## **AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Plaintiff failed to state a claim upon which relief can be granted. Therefore, Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) Fed. R. Civ. P.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

Any violation of the law or damage suffered by Plaintiff, which HRRG denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability against HRRG.

**FOURTH AFFIRMATIVE DEFENSE**

While HRRG denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then HRRG alleges such damage was not caused by HRRG but was proximately caused or contributed to by the conduct of others for whom HRRG is not responsible or liable.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for relief are barred in whole or in part because HRRG at all times acted in a reasonable manner and in good faith.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff has been damaged, which HRRG specifically denies, Plaintiff has failed to mitigate those damages and therefore should not be able to recover any unmitigated damages from HRRG.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate her damages with respect to the matters alleged in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant affirmatively alleges that the alleged actions of Defendant and its agents and employees are protected by the "*bona fide error*" defense pursuant to the Fair Debt Collection Practices Act, since such actions or inactions, if they occurred, were not intentional and resulted from a *bona fide* error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such error.

**NINTH AFFIRMATIVE DEFENSE**

Defendant asserts that Plaintiff lacks sufficient injury harm or concrete harm to maintain Article III standing.

**TENTH AFFIRMATIVE DEFENSE**

Defendant asserts that Plaintiff's Complaint fails to assert a cause of action under a federal statute, particularly, the FDCPA, and therefore lack subject matter jurisdiction.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff's allegations lack merit as the Defendant's pre-recorded message qualifies as a "limited content message" as authorized by Regulation F, particularly, Section 1006.2(j) which states **(j) Limited-content message** means "a voicemail message for a consumer that includes all of the content described in paragraph (j)(1) of this section, that may include any of the content described in paragraph (j)(2) of this section, and that includes no other content"[1].

**WHEREFORE,** Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC ("HRRG"), prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. dismissing all alleged causes of action against HRRG with prejudice and on the merits; and

---

[1] Since a limited-content message is an attempt to communicate and not a communication under the Debt Collection Rule, as discussed in Debt Collection Limited-Content Messages Question 2, a debt collector who leaves only a limited-content message does not violate the prohibition against third-party communications. 12 CFR § 1006.2(b) and Comment 2(d)-2. In addition, leaving a limited-content message does not violate the Debt Collection Rule's requirement to meaningfully disclose the caller's identity with respect to that voicemail message. Comment 2(j)-3.

2. Award HRRG such other and further relief as the Court deems just and equitable, including its fees and reasonable costs in defending against this action.

Dated this **26th** day of **May, 2022.**

Respectfully submitted,

/s/ *Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III

## CERTIFICATE OF COUNSEL

I hereby certify that the foregoing document has been prepared with Times New Roman 14 point font, one of the font and point selections approved by the Court in LR 5.1, N.D. Ga.

/s/ *Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **May 26, 2022**, via the Clerk of Court's CM/ECF system which will provide electronic notice to the attorneys of record: Matthew T. Perry, Esquire, at *matt@mattberry.com (Attorney for Plaintiff)*.

/s/ *Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III
Georgia Bar No.: 427760
SKohlmyer@shepardfirm.com
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 32751
Phone: (407) 622-1772
Fax: (407) 622-1884
*Attorneys for Defendant.*