IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

Case No.:  4:22-cv-00059-HLM-WEJ

WILLIAM RIGSBY,

   PLAINTIFF,

V.

HEALTHCARE REVENUE
RECOVERY GROUP, LLC,

   DEFENDANTS.
_____/

### Joint Preliminary Report and Discovery Plan

**I.   Description of the Case**

   **a. Nature of the Case**

Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and O.C.G.A. § 10-1-390 et seq. of the GFBPA during the course of debt collection. Defendant, Healthcare Revenue Recovery Group, LLC denies the allegations and has raised certain defenses against such allegations.

   **b. Facts of the Case**

The subject debt was placed with Defendant Healthcare Revenue Recovery Group, LLC to resolve the past due balance on Plaintiff's account. Plaintiff alleges to have received voicemail messages from Defendant on January 14, 2022 and February 11, 2022 wherein Defendant did not disclose that it was a debt collector. Defendant is

1

reviewing its records to establish all communication made to the Plaintiff pertaining to the subject debt.

  c. **The Legal Issues to Be Tried**

    i. Whether Defendant Healthcare Revenue Recovery Group, LLC violated 15 U.S.C. § 1692 et seq. when it attempted to contact the Plaintiff.
    ii. Whether Defendant's initial communication to the Plaintiff violated the FDCPA.
    iii. Whether Defendant's voicemails to Plaintiff constitute communication.
    iv. If Defendant violated the FDCPA, (i) were the violations intentional, (ii) were they the result of a bonafide error, and (iii) did they occur despite the maintenance of procedures reasonably adapted to avoid any such errors.
    v. Whether Defendant Healthcare Revenue Recovery Group, LLC violated O.C.G.A. § 10-1-390 et seq of the GFBPA.
    vi. Whether Plaintiff has suffered an injury as a result of the actions or inactions by Healthcare Revenue Recovery Group, LLC.

  d. **Related Cases**

    i. **Pending Related Cases: N/A.**
    ii. **Previously Adjudicated Related Cases: N/A**

**II.**  **Counsel do not consider this case to be complex.**

**III.**  **Counsel of Record**
The following individually named attorneys are designated lead counsel for the parties:

Matthew T. Berry, Esq.
Georgia Bar No. 055663
Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Telephone: (404) 235-3300

Facsimile: (404) 235-3333
matt@mattberry.com
Attorneys for Plaintiff
**Lead Counsel for Plaintiff**


Ernest M. Kohlmyer, III, Esq.
Georgia Bar No.  427760
Florida Bar No. 110108
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Parkway, Suite 100
Maitland, FL 32751
Tel. 407-622-1884
Facsimile 407-622-1884
skohlmyer@Shepardfirm.com
**Lead Counsel for Defendant, Healthcare Revenue Recovery Group, LLC.**

## IV. Jurisdiction

There is no question regarding this Court's jurisdiction at this time.

## V. Parties to This Action

   a. The following persons are necessary parties who have not been joined: None.
   b. The following persons are improperly joined as parties: None.
   c. The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: None.
   d. The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

## VI. Amendments to the Pleadings

   a. List separately any amendment to the pleadings that the parties anticipate will be necessary: **None.**

3

   **b.** Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by court order.

## VII. Filing Times for Motions

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

   **a.** *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1
   **b.** *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.
   **c.** *Other Limited Motions*: Refer to Local Rule 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal. emergency motions, and motions for reconsideration.
   **d.** *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

## VIII. Initial Disclosures

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

**No objections**.

## IX. Request for Scheduling Conference

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**No requests.**

X. **Discovery Period**

    a. The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period. Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing. Please state below the subjects on which discovery may be needed.

        Discovery may be needed to determine whether Defendant, Healthcare Revenue Recovery Group, LLC has violated the FDCPA, and O.C.G.A. § 10-1-390 et seq. of the GFBPA. Discovery may also be needed to find out whether Plaintiff has Article III standing under the FDCPA, his injuries sustained, and the amount of damages sought.

    b. If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

        **The parties propose four months of discovery to account for the nature and volume of discovery needed in this case and to allow flexible scheduling of depositions.**

XI. **Discovery Limitation and Discovery of Electronically Stored Information**

    a. What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

>           No changes to the rules or limitations should be imposed.

>   **b.** Is any party seeking discovery of electronically stored information?

>           **Yes.**

>       **i.** The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

>       **Subject to any work product or attorney-client privilege objections, the Parties agree to produce any electronically stored information in hard copy (.pdf format) unless otherwise agreed.**

>       **ii.** The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF of .TIF files), Portable Document Format (PDF or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

>   **Electronically stored information shall be produced in .pdf format by electronic file transfer or on a CD or DVD, where possible, unless otherwise requested or agreed to be produced on a different medium or format. Excel spreadsheets and other data, if responsive and relevant, will be produced in native format or in a machine-readable format, such as .csv. If other types of documents do not render to a readable format in .pdf, the Parties will meet and confer to agree upon a reasonably useable format**.

>   In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**XII. Other Orders**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**No other orders are necessary.**

XIII. **Settlement Potential**

   a. Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on **June ___, 2022**, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For Plaintiff: Lead counsel */s/ Matthew T. Berry, Esquire*
Other participants: N/A

For Defendant : Lead counsel */s/ Ernest H. Kohlmyer, III, Esquire*
Other participants N/A

   b. All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

   (X) A possibility of settlement before discovery.
   (X) A possibility of settlement after discovery.
   (___) A possibility of settlement, but a conference with the judge is needed.
   (___) No possibility of settlement.

   c. Counsel (X) do or (___) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is **August___, 2022.**

   d. The following specific problems have created a hindrance to settlement of this case.

   **N/A.**

XIV. **Trial by Magistrate Judge**

7

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

**a.** The parties (___) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this ____ day _____, of 2022.

**b.** The parties (_x__) do not consent to having this case tried before a magistrate judge of this Court.

Dated as of this ___day of **June 2022.**

| | |
|---|---|
| */s/ Matthew T. Berry* | */s/ Ernest H. Kohlmyer* |
| Matthew T. Berry, Esq. | Ernest H. Kohlmyer, III, Esq., LL.M. |
| Georgia Bar No. 055663 | Georgia Bar No. 427760 |
| matt@mattberry.com | Florida Bar No. 110108 |
| Berry & Associates, P.C. | skohlmyer@shepardfirm.com |
| 2751 Buford Highway, | Shepard, Smith, Kohlmyer & Hand, P.A. |
| Suite 600 | 2300 Maitland Center Parkway, Suite 100 |
| Atlanta, GA 30324 | Maitland, FL 32751 |
| Telephone: 404-235-3300 | Telephone (407) 622-1772 |
| Facsimile: 404-235-3333 | Facsimile (407) 622-1884 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant Healthcare Revenue Recovery Group, LLC* |

*********************
**SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 2022.

_____
Honorable Harold L. Murphy
United States District Court Judge

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **June 28th, 2022,** via the Court Clerk's CM/ECF system which will provide notice to Matthew T. Berry, Esquire at matt@mattberry.com and Christopher N. Armor, Esquire at chris.armor@armorlaw.com *(Attorneys for Plaintiff)*.

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III
Georgia Bar No. 427760
Ernest H. Kohlmyer, III
skohlmyer@shepardfirm.com
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 32751
Telephone (407) 622-1772
Facsimile (407) 622-1884
*Attorneys for Defendant, Nationwide Recovery Service, Inc.*